**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

INNOVATION TECHNOLOGIES, INC.,

Plaintiff,

v. Case No. 1:05cv162 MP-AK

SPLASH! MEDICAL DEVICES, LLC,

Defendant.

_______________________________________/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

COMES NOW the Plaintiff, INNOVATION TECHNOLOGIES, INC., by and through its undersigned counsel, and pursuant to 35 U.S.C. Section 271 and Rules 7(a) and 8(a) of the Federal Rules of Civil Procedure, files this Complaint against Defendant, SPLASH! MEDICAL DEVICES, LLC, and alleges as follows:

**I. Jurisdiction and Venue**

1. This is an action for injunctive relief and monetary damages concerning infringement of a United States Patent.

2. Plaintiff INNOVATION TECHNOLOGIES, INC., ("ITI"), is a Florida corporation with its principal place of business located in Alachua County, Gainesville, Florida 32607.

3. Defendant is a limited liability company organized and existing under the laws of the State of Georgia and having its principal place of business at 5385 Peachtree Dunwoody Road #902, Atlanta, Georgia 30342.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
GAINESVILLE, FLA.

05 SEP 23 AM 11: 11



FILED

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1338(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. Sections 1391(b) and 1400(b). A substantial part of the events giving rise to the claims occurred in this judicial district and/or Defendant has conducted business in this judicial district and committed acts of patent infringement in this judicial district.

6. This Court has personal jurisdiction over the Defendant pursuant to Section 48.193, Fla. Stat. Defendant has conducted and engaged in business in Florida and has caused injury in Florida arising out of acts by the Defendant outside of this state, while the Defendant was engaged in solicitation in Florida and/or products, materials, or things processed, serviced, or manufactured by the Defendant were used within Florida. As such, application of Florida's long-arm statute to the instant matter is in accordance with Due Process.

## II. Common Allegations

7. On November 3, 1998, United States Letters Patent No. 5,830,197 entitled "Wound Irrigation Device and Method" (the "'197 Patent") was duly and legally issued to Plaintiff ITI for an invention relating to new and advantageous methods for irrigating wounds. A true and correct copy of the '197 Patent is attached hereto as Exhibit "A."

8. Plaintiff ITI is the current owner and holder of the '197 Patent.

9. Defendant has instructed the use of, advertised for sale and sold, through their Internet web site address, www.splashcap.com; and through their maintenance, operation, and an invitation to call a telephone number; wound irrigation devices, including the "SplashCap", in Florida and in this judicial district.

10. Use of the Defendant's wound irrigation devices, including the SplashCap, when used as instructed by the Defendant is wholly covered by the claims of the '197 Patent.

11. All conditions precedent to the bringing of this action have occurred or been waived.

## III. Patent Infringement

12. At all times material hereto, Defendant has been and is continuing to infringe the '197 Patent by manufacturing, selling, and offering for sale wound irrigation devices, including but not limited to the SplashCap, the use of which is covered by the claims of the '197 Patent.

13. At all times material hereto, Defendant has been and is continuing to infringe the '197 Patent by inducing others to infringe the '197 Patent by knowingly manufacturing, instructing the use of, selling, and offering for sale wound irrigation devices, including the SplashCap, to others for the purpose of infringing the '197 Patent.

14. At all times material hereto, Defendant has been and is continuing to infringe '197 Patent as a contributory infringer by manufacturing, instructing the use of, offering to sell, and/or selling within the United States components, materials, and/or apparatus, including the SplashCap, for use in practicing a patented process, knowing that the components, materials, and/or apparatus are not a staple article or commodity of commerce suitable for substantial noninfringing use and that they are specifically made and/or adapted for use in the infringement of the '197 Patent.

15. Defendant's infringement of the '197 Patent will continue unless and until enjoined by this Court.

16. Upon information and belief Defendant has had actual knowledge of the '197 Patent and Defendant's infringement of the'197 Patent has been and is willful, intentional, and deliberate.

17. As a result of Defendant's infringing activities, Plaintiff ITI has suffered and will continue to suffer damages in an amount yet to be determined.

18. Moreover, Plaintiff ITI has been required to retain the services of the undersigned law firm due to Defendant's infringing activities and has agreed to pay these attorneys a reasonable fee for their services in connection therewith.

WHEREFORE Plaintiff INNOVATION TECHNOLOGIES, INC. prays this Honorable Court will enter judgment in its favor and against Defendant SPLASH! MEDICAL DEVICES, LLC, and:

(a) permanently enjoin Defendant, as well as any predecessor, successor, division, subsidiary, officer, director, shareholder, employee, or principal thereof, and all persons acting in concert directly or indirectly with it, from making, using, offering for sale, or selling products and practicing methods which infringe U.S. Patent No. 5,830,197 and from inducing others to infringe and from contributing to infringement by others;

(b) award Plaintiff ITI all damages arising from Defendant's infringing actions, including but not limited to treble damages pursuant to 35 U.S.C. Section 284, attorneys' fees pursuant to 35 U.S.C. Section 285, interest, and costs; and

(c) such other and further relief as this Court deems just, equitable, and proper under the circumstances.

A jury trial is demanded on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted by,
**SALIWANCHIK, LLOYD & SALIWANCHIK**
A Professional Association
P.O. Box 142950
Gainesville, FL 32614-2950
Telephone (352)375-8100
Facsimile (352) 372-5800
Attorneys for Plaintiff

By:______________________
Corey K. Cho
Florida Bar No. 523631